Oldham, J. The first objection taken by the assignment of errors is, that the certificate of the clerk authenticating the depositions, does not show that it was made by the clerk of a court of record as required by the statute. This certificate was made by the clerk of the county court, and has his seal of office affixed. The fact that the court has a clerk and a seal, raises the presumption, and is prima facie evidence, that it is a court of record. It is next assigned for error that the court instructed the jury “ that if they believed from the testimony that the negroes in question remained in the possession of the defendant during the year commencing January 15, 1844, and ending January 15, 1845, and were employed by him on his plantation or about his business, they would find for the plaintiff what their services were reasonably worth; and that in the absence of testimony to show what amount was to be paid for the hire or use of said negroes for the year commencing January 15, 1844, and ending January 15, 1845, a proper criterion for them to be governed by would be the price paid by the defendant for the same negroes the year previous or next preceding.” This instruction was clearly wrong. The price of negro hire is quite fluctuating, being continually subject to the control of circumstances. The value of the hire for one year is no correct criterion for the ensuing. Besides, the defendant had expressly informed the plaintiff that he would not retain the negroes at the same rate he had paid for them the year previous. The court should have instructed the jury that they should take into consideration all the circumstances attending the transaction, and that the measure of damages would be a reasonable compensation for the hire of the negroes during the time they were in the service of the defendant. What such negroes were hiring for during that time would be the correct criterion of damages. Reversed.